**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| **Jason Antonio West, #196740,** ) | **Case No. 2:16-cv-3452-MBS-MGB** |
| ) | |
| **v.** ) | |
| ) | **REPORT AND RECOMMENDATION** |
| **Brian Adams, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

Plaintiff Jason Antonio West Justin ("Jackson") is a state prisoner incarcerated at Goodman Correctional Institution located in Columbia, South Carolina. Plaintiff has filed this action pursuant to 42 U.S.C. § 1983, alleging that police officers "caused my unlawful imprisonment," that his counsel was ineffective in advising Plaintiff to plead guilty, and that the prosecutor "maliciously prosecuted me with illegally seized evidence." (DE# 1 at 4-5). Plaintiff is proceeding *pro se* and *in forma pauperis*. This matter was referred to the United States Magistrate Judge for initial review. Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2) (D.S.C.), the assigned Magistrate Judge is authorized to review such complaints for relief and to submit findings and recommendations to the United States District Judge. Having carefully reviewed the record, the Magistrate Judge recommends that this action be **summarily dismissed** without prejudice, and without issuance and service of process, for the following reasons:

**I. Standard of Review**

Under established local procedure in this judicial district, the Magistrate Judge has reviewed this *pro se* prisoner complaint pursuant to 28 U.S.C. § 1915 and in light of the following

precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

Plaintiff filed this complaint under 28 U.S.C. § 1915, which permits an indigent litigant to bring an action in federal court without prepaying the administrative costs of proceeding with the action. To protect against possible abuses of this privilege, the statute allows the court to dismiss the case upon finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* "at any time" under 28 U.S.C. §1915(e)(2)(B). *Neitzke*, 490 U.S. at 319. The statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Id*. at 326. The Prison Litigation Reform Act ("PLRA") also provides for the screening of complaints "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

*Pro se* pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Jehovah v. Clarke*, 798 F.3d 169, 176 (4th Cir. 2015). However, "[t]he 'special judicial solicitude' with which a district court should view ... pro se filings does not transform the court into an advocate. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012), *cert. denied*, 133 S.Ct. 2401 (2013). Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dept. of Soc. Servs., City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990). Giving "liberal construction" does not mean that the Court can ignore a prisoner's clear failure to allege facts that

set forth a cognizable claim. "Principles requiring generous construction of pro se complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

## II. Background

### A. Parties

Plaintiff sues fifteen defendants, including: 1) the police officers and detectives who executed the search warrant on his residence and arrested him (Brian Adams, Johnathon Glenn, Daniel Pritchard, Chuck Hurst, Bill Tilton, Herbert Johnson, Tireka Cerone, Michael Brown, Anthony Russ, Craig McAlhaney, Katharine Kirkland, and Shawn Perkins); 2) Plaintiff's counsel (Leon E. Stavrinakis and Louis S. Moore); and 3) the state prosecutor in Plaintiff's state criminal case (Chris Lietow).

### B. Allegations

Plaintiff alleges that on September 26, 2013, two search warrants were issued by Judge John L. Duffy for the search of Plaintiff's residence at 7674 Peppercorn Lane, North Charleston, South Carolina. Plaintiff alleges that on October 2, 2013, officers of the North Charleston Police Department executed the search warrant and "unlawfully made entrance to my residence." (DE#1 at 4). Plaintiff contends that he then made a Freedom of Information request for the search warrants. According to Plaintiff, one of the search warrants was "unproduced and unrecorded," and therefore, must have been "invalid."

Plaintiff indicates that he sought counsel from Legal Aid through Leon E. Stavrinakis "who's (sic) negligence, ineffective assistance, improper advice, failure to consult, conflict of interest, and deception influenced my decision to acquire new counsel." (*Id.*). Plaintiff alleges that he informed his new counsel Louis S. Moore of the two search warrants and of the need for a

motion to suppress to be filed "immediately." (*Id*. at 4-5). Plaintiff alleges that Moore's "improper advice, failure to move to suppress evidence, failure to file motions, failure to consult, breach of duty, missing a statute of limitations deadline, denial of due process, fraud, failure to investigate, and deception influenced me to plea (sic) involuntary (sic) which lead to my unlawful imprisonment and indigence." (*Id*. at 5).

Plaintiff further alleges that state prosecutor Chris Lietow "knowingly and maliciously prosecuted me with illegally seized evidence" and that "this was an (sic) conspired (sic) effort based on perjury, forgery, deception, fraud upon the court, malicious prosecution, constitutional violations, and total lack of investigation." (*Id*.). Plaintiff contends that "subsequently my wrongful arrest, unlawful detainment, civil rights deprivity (sic), constitutional deprivity (sic), and unlawful imprisonment was the result of these chain of events." (*Id*.).

A state records check reveals that a Charleston County grand jury returned a true bill of indictment against Plaintiff on December 10, 2013 for the criminal offenses of 1) trafficking in cocaine, 10 grams or more, but less than 28 grams, first offense; and 2) distribution, selling, purchase, manufacture, or "pwid, on cont. sub., near school." See Charleston County Court of Common Pleas Case No. 2013-GS-1007264.[1] Plaintiff (assisted by counsel) pleaded guilty to the first charge, and the second charge was disposed of when the prosecutor made an entry of "nolle prosequi" on January 11, 2016.[2] The state court sentenced Plaintiff to five years imprisonment.[3]

---

[1] See http://public.doc.state.sc.us/scdc-public/inmateDetails. Site checked November 22, 2016.

[2] A "nolle prosequi" entry indicates that the prosecutor has exercised the discretion not to prosecute a case and is not an adjudication on the merits. *Mackey v. State of South Carolina*, 357 S.C. 666, 595 S.E.2d 241 (2004) (explaining that "when a solicitor enters a nolle prosequi, charges are extinguished"); *State v. Gaskins*, 263 S.C. 343, 210 S.E.2d 590, 592 (1974) ("It has long been the law in South Carolina that the decision to nolle prosequi is a matter within the solicitor's discretion.").

[3] See http://jcmsweb.charlestoncounty.org/PublicIndex/CaseDetails. Site checked November 22, 2016.

Plaintiff began serving his state sentence on January 6, 2016. Research does not reveal any other § 1983 cases or habeas petitions filed by this prisoner.

### C. Claims

Plaintiff indicates he is "filing this suit for the illegal search and seizure, wrongful arrest, unlawful imprisonment, malicious prosecution and investigation, constitutional violations, civil rights violations, fraud, forgery, fraud upon the court, unlawful detainment, negligence, perjury, emotional distress due to imprisonment, compensatory damages, and punitive damages." (DE# 1 at 5). For relief, Plaintiff demands compensatory and punitive damages in the amount of $1,800,000.00 per day "until the date of my release," as well as $25,000.00 for the allegedly "illegal search and seizure" and court costs. (DE# 1 at 6).

## III. Discussion

### A. 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts indicating: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). While a complaint does not need to expressly invoke § 1983 as the legal theory for a claim, the United States Supreme Court has instructed that a complaint "must plead facts sufficient to show that [a] claim has substantive plausibility." *Johnson v. City of Shelby*, 135 S.Ct. 346 (2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676–77 (2009). The United States Supreme Court has emphasized that a plaintiff must do more than make generalized and conclusory statements to state a plausible claim for relief. *Iqbal*, 556 U.S. at 677–79.

### B. *Heck v. Humphrey* Bars This Suit

Plaintiff asserts § 1983 claims premised on an alleged violation of his Fourth Amendment right to be free of unreasonable search and seizure. The Fourth Amendment prohibits "unreasonable searches and seizures" and provides that "no Warrants shall issue, but upon probable cause." U.S. Const., amend. IV.[4] Even given the liberal construction afforded to *pro se* filings, Plaintiff's claims against the Defendants, including the law enforcement officers, are not cognizable here. Plaintiff cannot seek to have his convictions or sentences vacated by means of this § 1983 action.

In *Heck v. Humphrey*, the United States Supreme Court explained that:

> In order to recover damages for ... harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Plaintiff's present § 1983 claims would, if proven, imply the invalidity of his state conviction. *See, e.g., Rogers v. City of West Columbia*, Case No. 8:06-3058-MBS-BHH, 2007 WL 2332465, *4 (D.S.C. Aug. 13, 2007) (summarily dismissing § 1983 action, observing that although plaintiff contended that the defendants had illegally arrested and falsely imprisoned him, "a finding

---

[4] Section 1983 actions premised on alleged false arrest and/or false imprisonment are analyzed as unreasonable seizures under the Fourth Amendment. *See Brown v. Gilmore*, 278 F.3d 362, 367 (4th Cir. 2002); *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001). Under § 1983, a law enforcement officer "cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998) (citing *Brooks v. City of Winston–Salem*, 85 F.3d 178 (4th Cir. 1996)); *see also Jones v. City of Columbia*, 301 S.C. 62, 64, 389 S.E.2d 662, 663 (1990) (an action for false imprisonment cannot be maintained where one is arrested by lawful authority).

for Plaintiff on any of these claims ... under § 1983 would necessarily implicate the validity of Plaintiff's conviction"); *Rankin v. Cranford*, 2005 WL 3279983, *3 (W.D.N.C. Apr. 11, 2005) (holding that claims premised on having been illegally convicted are barred pursuant to *Heck*), *affirmed by*, 142 F. App'x 166 (4th Cir. Aug. 25, 2005).

This case does not concern any conviction that has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Therefore, under *Heck*, the present § 1983 case is subject to summary dismissal. *See Griffin v. Baltimore Police Dept.*, 804 F.3d 692, 695-96 (4th Cir. 2015) (relying on *Heck* and affirming dismissal of the plaintiff's suit against detectives for damages under 42 U.S.C. § 1983); *Rogers v. Valentino*, Case No. 8:08–4090–MBS-BHH, 2009 WL 367377 (D.S.C. Feb. 13, 2009) (observing that "because plaintiff's allegations, if true, would necessarily invalidate his conviction, he cannot sue any of the defendants because of their involvement in his prosecution and ultimate conviction").

Moreover, to the extent Plaintiff makes the conclusory allegation that there was a "total lack of investigation" in his case by any of the defendants, "courts which have addressed the issue have found that there is no cause of action for negligent investigation under § 1983 on the basis that deliberate acts are required." *McClurkin v. Byer*, Case No. 2:13–1507–RMG-BHH, 2013 WL 3746027, *6 (D.S.C. July 15, 2013, *affirmed by*, 555 F.App'x 277 (4th Cir. 2014).

### C. Claims Against Counsel: Failure to State a Claim, Not a "State Actor"

To state a claim under § 1983, the alleged constitutional violation must have been committed by a person acting "under color of state law." *West*, 487 U.S. at 48. An attorney, whether retained or court-appointed, does not act "under color of state law" for purposes of 42 U.S.C. § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 317-25 (1981) (holding that public

defender was not a "state actor" for purposes of § 1983); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980) (court-appointed attorney was not a "state actor"); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (same, private attorney). Plaintiff's appointed counsel did not act "under color of state law" when representing Plaintiff in the state proceedings. Any claims of "ineffective assistance of counsel" are properly raised in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, not in this suit for monetary damages. To the extent Plaintiff alleges that his legal counsel was "negligent," negligence claims are not cognizable under § 1983. The present Complaint should be summarily dismissed.

### D. Claims Against Prosecutor: Failure to State a Claim, Immunity

Plaintiff appears to be attempting to challenge to his conviction and sentence in this § 1983 action by attacking the prosecutor's role in the state proceedings. As already discussed, Plaintiff may not challenge his conviction in this suit for monetary damages. Release from prison is not a remedy available under 42 U.S.C. § 1983. *Griffin*, 804 F.3d at 695 (reiterating that habeas corpus, not § 1983, is the exclusive federal remedy for state prisoners seeking release from confinement).

Moreover, Plaintiff's allegations (including his allegations of "conspiracy, fraud, and forgery") are conclusory and unsupported by any relevant facts that might suggest a plausible claim under § 1983. *See Iqbal,* 556 U.S. at 677–79 (emphasizing that a plaintiff must do more than make generalized and conclusory statements to state a plausible claim for relief). The Complaint fails to state a plausible claim for relief against the prosecutor under § 1983.

Additionally, although the Complaint does not indicate whether the Plaintiff is suing the defendant prosecutor in his official or individual capacity, such defendant prosecutor is immune from suit in his official capacity based on sovereign immunity and is immune from suit in his individual capacity based on absolute prosecutorial immunity.

### 1. Official Capacity, Sovereign Immunity

The Eleventh Amendment bars federal lawsuits against an unconsenting State. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Such immunity extends to "arm[s] of the State," including state officers acting in their official capacity. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977); *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996). The United States Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, any claims against the prosecutor in his official capacity are subject to summary dismissal. See 28 U.S.C.A. § 1915(e)(2)(B)(iii). This deficiency in Plaintiff's Complaint cannot be remedied through more specific pleading. *Adams v. Rice*, 40 F.3d 72, 76 n.1 (4th Cir. 1994), *cert. denied*, 514 U.S. 1022 (1995). Plaintiff's claims against the prosecutor in his official capacity are therefore subject to summary dismissal pursuant to 28 U.S.C.A. § 1915(e)(2)(B)(iii).

### 2. Individual Capacity, Absolute Prosecutorial Immunity

Any claims against the prosecutor in his individual capacity would also be subject to summary dismissal. It is also well-settled that prosecutors are absolutely immune from claims under § 1983 for acts taken in their prosecutorial role. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) ("acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity"); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (holding that prosecutors have immunity for performing functions "intimately associated with the judicial phase of the criminal process"); *Nivens v. Gilchrist*, 444 F.3d 237, 249-50 (4th Cir. 2006) (holding that absolute prosecutorial immunity barred damages claim against a prosecutor in individual capacity), *cert. dismissed by* 548 U.S. 939 (2006); *and see, e.g., Redden v. McMaster*, Case No.

8:08-2845-CMC-BHH, 2008 WL 4458877, *3 (D.S.C. Sept. 29, 2008) (holding that prosecutors "have absolute immunity for activities in or connected with judicial proceedings"), *aff'd by* 313 F.App'x 654 (4th Cir. 2009).

The prosecutor in Plaintiff's state criminal case is entitled to absolute prosecutorial immunity for actions taken in such legal proceedings as part of his prosecutorial role. Such prosecutor is immune from any claim for monetary damages, and Plaintiff does not appear to ask for any injunctive relief from him. Plaintiff's Complaint fails to state a plausible claim for relief against the Defendant prosecutor.

## IV. Recommendation

Accordingly, the Magistrate Judge recommends that the Complaint (DE# 1) be **summarily dismissed** without prejudice and without issuance and service of process.

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

November 22, 2016
Charleston, South Carolina

Plaintiff's attention is directed to the **Important Notice** on the following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).