IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jason Antonio West, #196740, ) | |
| ) | C/A No. 2:16-3452-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Brian Adams, Johnathon Glenn, Daniel ) | |
| Pritchard, Chuck Hurst, Bill Tilton, ) | |
| Herbert Johnson, Tireka Cerone, ) | |
| Michael Brown, Anthony Russ, Craig ) | |
| McAlhaney, Chris Lietow, Leon E. ) | |
| Stavrinakis, Louis S. Moore, Katherine ) | |
| Kirkland, and Shawn Perkins, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Jason Antonio West is an inmate in custody of the South Carolina Department of Corrections currently housed at Goodman Correctional Institution in Columbia, South Carolina. Plaintiff is serving a five year sentence for trafficking in cocaine. Plaintiff, proceeding pro se and in forma pauperis, filed a complaint on October 19, 2016, alleging that Defendants Adams, Glenn, Pritchard, Hurst, Tilton, Johnson, Cerone, Perkins, Brown, Russ, Kirkland, and McAlhaney, members of the North Charleston Police Department, violated his Fourth Amendment rights by executing an "unproduced and unrecorded" search warrant at his residence, which search led to his incarceration. Plaintiff further alleges that he received ineffective assistance of counsel in violation of the Sixth Amendment from Defendants Stavrinakis and Moore during their representation of him. Plaintiff also alleges that Defendant Lietow, a state solicitor, violated his rights under the Fourteenth Amendment by prosecuting the case. See 42.U.S.C. § 1983. In addition, Plaintiff asserts numerous state law claims. Plaintiff seeks relief in the form of compensatory and punitive damages.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Mary Gordon Baker for pretrial handling. The Magistrate Judge reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915 and applicable precedents. The Magistrate Judge determined that recovery for damages under § 1983 is prohibited under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The Magistrate Judge further determined that Plaintiff's counsel were not state actors for purposes of § 1983, and that ineffective assistance of counsel claims should be raised in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In addition, the Magistrate Judge determined that the state solicitor is immune from suit in his official capacity based on sovereign immunity, and further immune from suit in his individual capacity based on absolute prosecutorial immunity. The Magistrate Judge therefore issued a Report and Recommendation on November 22, 2016, recommending that Plaintiff's complaint be summarily dismissed without prejudice and without issuance and service of process. On December 8, 2016, Plaintiff was granted an extension of time until December 27, 2016, to file objections to the Report and Recommendation. Plaintiff filed no objections to the Report and Recommendation. However, on December 8, 2016, Plaintiff filed a "Notice to Revisit" in which he "thank[ed] the courts for allowing [him] to revisit this action properly on a later date" with all supporting facts. ECF No. 19.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de

novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court concurs in the Report and Recommendation and incorporates it herein by reference. Plaintiff's complaint is summarily dismissed without prejudice and without issuance and service of process. The court declines to exercise jurisdiction over any state law claims asserted by Plaintiff. See 28 U.S.C. § 1367.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour  
Senior United States District Judge

Columbia, South Carolina

January 18, 2017

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**